[No. 31713. Department Two. August 24, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. FRETA LEE OLDS
et al., *Appellants.*[1]

[1]Reported in 235 P. (2d) 165.

*Tonkoff & Holst* and *Steensland & Smith*, for appellants.

*W. R. Cole* and *Henry W. Wager*, for respondent.

MALLERY, J.—The defendants were charged by information with the crime of grand larceny, as follows:

"They, the said Freta Lee Olds and Charles W. Tharp in the County of Kittitas, State of Washington, on or about the 11th day of October, 1950, did wilfully, unlawfully and feloniously take, steal, lead and drive away one red, white faced steer of the value of more than $25.00 in lawful money of the United States, the property of the West Fork Timber Company, a corporation, with intent to deprive and defraud the said West Fork Timber Company, a corporation thereof."

On this charge, they were convicted and appeal therefrom to this court.

They were acquitted on a second count identical with the first, except as to the animal and its owner.

Since this case is decided on a pure question of law, no useful purpose would be served by setting out a summary of the testimony herein.

The pertinent parts of Rem. Rev. Stat., § 2601 [P.P.C. § 117-47], with which we are here concerned, read as follows:

"Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; or   . . .

"(4) Having received any property by reason of a mistake, shall with knowledge of such mistake secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; and   . . .

"Steals such property and shall be guilty of larceny."

■ We held in *State v. Smith,* 2 Wn. (2d) 118, 98 P. (2d) 647, that the subdivisions of Rem. Rev. Stat., § 2601, defined separate and distinct offenses, rather than providing various ways in which the same offense could be committed, notwithstanding that the several offenses were all designated as larceny.

■ Obviously, the information is laid under subd. (1) of the statute. The crime therein defined differs from that in subd. (4), in that no evidence or permissible inference therefrom of asportation or original felonious intent is necessary under subd. (4) as it is under subd. (1). The two crimes are committed in different ways. Evidence that could sustain a charge under subd. (4) would not suffice for a crime charged under subd. (1).

The appellants assign as error the giving of the following instruction:

"The law of the State of Washington defining the offense of larceny insofar as it pertains to this case is as follows: Every person who, with intent to deprive or defraud the owner thereof, shall take, lead or drive away the property of another *or,* having received any property by reason of mistake, shall with knowledge of such mistake, secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto, steals such property and shall be guilty of larceny. If the property be of the value of more than $25.00, the offense is grand larceny."

■ It will be noted that this instruction includes the crimes defined in both subd. (1) and subd. (4), so that the jury was authorized to convict appellants, even though it was not satisfied as to the proof required under subd. (1), provided it was satisfied as to the crime defined in subd. (4), notwithstanding the appellants were not charged under subd. (4).

Assuming then, as we must, that the jury based its verdict upon the requirements of subd. (4), since it may very well have done so in fact, we are at once confronted with Art. I, § 22, of our state constitution, which provides, among other things:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, . . ."

This makes it mandatory that defendants in criminal cases must be convicted of the offenses charged, and guilt of other offenses will not suffice. Since the appellants may have been convicted of an offense with which they were not charged, the judgment must be reversed.

The respondent contends, on the contrary, (a) that the evidence sustains a conviction of the crime defined under subd. (1) as charged, and (b) that evidence received without objection automatically amended the information to include the offense defined by subd. (4), thus making the instruction correct. It relies upon the Rule of Practice 12 (2), 34A Wn. (2d) 76, which is:

"At any time before or during trial the court may permit the amendment of an information and permit proof to be offered in support thereof, and if the defendant shows to the satisfaction of the court that he would thereby be misled, the court shall make such order as shall secure to the defendant full opportunity to defend. An information shall be considered amended to conform to the evidence introduced without objection in support of *the crime substantially charged* therein, unless the defendant would thereby be prejudiced in a substantial right." (Italics ours.)

■ It is obvious that the crime defined in Rem. Rev. Stat., § 2601, subd. (4), was not charged substantially or at all, nor will the rule bear an interpretation that a new count charging a different crime can be encompassed with a mere amendment to an existing count. Such an intention, in any event, would contravene Art. I, § 22, of the state constitution.

■ The trial court denied appellants' motion for a change of venue. It was supported by uncontroverted affidavits to the effect that widespread public opinion was so hostile to appellants that they could not have a fair trial in Kittitas county. Betting boards, in the county seat, were

alleged to be offering odds of five to one that appellant Tharp would be convicted.

If the motion is promptly renewed and similarly supported on the new trial, we direct the court to grant the motion or, in the alternative, to call for controverting affidavits and enter in the record its finding as to the facts so that its discretion, which is very wide, may be subjected to a review for abuse.

The judgment is reversed, and the cause remanded for a new trial.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and WEAVER, JJ., concur.