[No. 44962.   En Banc.   June 15, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. JOANNE BISHOP, ET AL, *Appellants.*

*Robert J. Reynolds* and *Fortier & Baker*, for appellant Bishop.

*Michael E. Schwab* and *Porter, Schwab, Royal & Edmondson,* for appellant Johnson.

*David K. Crossland* and *Elofson, Vincent, Hurst & Crossland,* for appellant Green.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Catherine Lee Campbell, Deputy,* for respondent.

BRACHTENBACH, J.—Defendants challenge jury verdicts finding them guilty of first–degree burglary. We affirm.

An individual occupying room No. 148 at a motel in Yakima was awakened at approximately 4:30 a.m. when he heard movement in his room. When he awoke, he saw three silhouetted figures which appeared to be women. He yelled and the three female figures departed the room through sliding glass doors into the courtyard outside the room.

During this time period, two detectives from the Yakima police department were stationed in the dining area of the motel engaged in a surveillance of the rooms surrounding the courtyard. At approximately 4:30 a.m., one of the detectives observed three females enter the courtyard complex of the motel and walk around and through the complex. The women paused at room No. 148 and were obscured from the officers' vision for approximately 30 seconds by a wall which juts out from the building and separates the rooms. They were next observed running from the area of room No. 148 and out of the motel courtyard complex, where they were apprehended by the police. Subsequently, when purses were seized from two of the women, each purse contained a rock. Their conviction for first–degree burglary followed.

Defendants first take exception to the giving of instruction No. 14[1] which provides that when a person is shown to have unlawfully entered a dwelling, he shall be deemed to

---

[1] "Every person who shall unlawfully enter any dwelling shall be deemed to have entered the same with intent to commit a crime therein, unless such unlawful entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent." Instruction No. 14.

have entered with intent to commit a crime therein, unless he explains such entry by testimony satisfactory to the jury that such entry was made without criminal intent. This instruction was based on RCW 9.19.030, the applicable statute at the time of this trial.[2]

Defendants claim that the instruction and the statute upon which it is based do not meet the standards for determining the constitutional validity of an evidentiary presumption enunciated by this court in *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977). We do not agree.

The threefold test set forth in *Roberts* is as follows: (1) a presumption may not shift the ultimate burden of persuasion to a defendant, although it may operate to shift the initial burden of producing evidence as to an element of the crime charged; (2) a presumption may only be used to establish an element of a criminal offense when it is established that the fact presumed follows from the facts proven in support thereof beyond a reasonable doubt; (3) the jury must be informed that it is permitted, but not obligated, to accept the presumption, even if unrefuted.

First, has there been an unconstitutional shift in the burden of persuasion? The answer is no.

While shifting the burden of production to the defendant requires him to present some evidence with respect to the fact in issue, shifting the burden of persuasion requires him to affirmatively establish the fact in issue. *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); Ashford & Risinger, *Presumption, Assumption and Due Process in Criminal Case: A Theoretical Overview*, 79 Yale L.J. 165 (1969).

The statute and instruction in issue do no more than shift the burden of production. The prosecution must affirmatively establish defendant's intent to commit a

---

[2]RCW 9.19.030, providing for the presumption of intent, has since been repealed and rephrased in terms of an inference. Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.52.040 (effective July 1, 1976).

crime, albeit circumstantially. The defendant is not burdened with affirmatively establishing absence of intent—he is only required to explain the unlawful entry by testimony satisfactory to the jury. As this court noted in *State v. Roberts, supra* at 341:

> *Mullaney,* standing alone, does not render unconstitutional all . . . presumptions in the criminal law. It permits the use of an otherwise valid presumption, so long as the ultimate burden of persuasion as to the issue remains with the prosecution and the defendant is at most only required to produce some evidence, from whatever source, in opposition to it.

In *Barnes v. United States,* 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973), the Supreme Court upheld an instruction that "possession of recently stolen property, if not satisfactorily explained" created an inference that the person in possession of the property knew it was stolen. Knowledge was an essential element of the crime charged. The court held that this instruction did no more than shift the burden of production to the defendant. *Barnes v. United States, supra* at 846 n.11. Although *Barnes* was pre–*Mullaney,* the *Mullaney* court indicated that it regarded the *Barnes*–type presumption as shifting only the burden of production. *Mullaney v. Wilbur, supra* at 703 n.31.

Secondly, we conclude that the proven facts (unlawful entry of a dwelling) establish the presumed facts (intent to commit a crime therein) beyond a reasonable doubt. "In determining whether or not [a] presumption meets this test, the court may utilize common experience, as well as empirical data and evidence which establishes a factual basis for the presumption." *State v. Roberts, supra* at 343. Common knowledge and experience support the presumption before us. The noncriminal reasons for unlawfully entering a dwelling are few.

Finally, the third prong of the *Roberts* test merely requires that the jury be instructed that the presumption is

not conclusive and that the state still must sustain the burden of proving defendant's guilt beyond a reasonable doubt.

■ We have previously held that an instruction in the language of RCW 9.19.030 is sufficient to inform the jury that the presumption is rebuttable. *State v. Durning,* 71 Wn.2d 675, 430 P.2d 546 (1967).

■ Further, the jury was instructed that every element of the crime charged must be proven beyond a reasonable doubt and specifically, that the element of intent must be proven beyond a reasonable doubt. Jury instructions should be read as a whole. *State v. Colwash,* 88 Wn.2d 468, 564 P.2d 781 (1977). Considering the instructions as a whole, we are of the opinion that it was sufficiently clear to the jury that the intent presumption did not relieve the state of its burden of proving defendants' guilt beyond a reasonable doubt.

The second issue is whether there was substantial evidence that the burglary was committed in the nighttime. The applicable statute, RCW 9.01.010(19), defined nighttime as the period between sunset and sunrise and the jury was so instructed.

■ The appellants moved to dismiss, at the close of the state's case and at the end of the case, as well as making motions in arrest of judgment. These motions challenge the sufficiency of the evidence to take to the jury the question of whether the crime was committed in the nighttime. The trial judge was under a duty to assume the truth of the state's evidence and view it most strongly against the defendants and in a light most favorable to the state. *State v. Randecker,* 79 Wn.2d 512, 517, 487 P.2d 1295 (1971).

■ There was a sufficient quantum of evidence from lay witnesses that the sun had not yet risen. In addition, we can take judicial notice that on the date in question the official records indicate that sunrise occurred subsequent to the time of the event. *State v. Gunderson,* 56 Wash. 672, 106 P. 194 (1910).

The final error alleged is the failure of the trial court to instruct that simple trespass or criminal trespass were lesser included offenses of first–degree burglary. The appellants refer to the then applicable statutes, RCW 9.83.060 and .080.

■ The rule is that:

A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

(Citations omitted.) *State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

■ Neither form of trespass is a lesser included offense. Both required that the trespass be nonconsensual. However, burglary can be committed by an entry with intent to commit a crime. Thus consensual entry with the requisite intent constitutes a crime but would not constitute a trespass under either statute. Therefore it is possible to commit the greater offense without having committed the lesser offense; consequently, trespass is not a lesser included crime under a burglary charge.

There being no errors, the judgments are affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.