[No. 46039. En Banc. November 21, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES A. RHINEHART, *Petitioner.*

*Kempton, Savage & Gossard* and *Anthony Savage,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Jose E. Gaitan, Deputy,* for respondent.

UTTER, C.J.—James Rhinehart, petitioner herein, was charged by information with possession of stolen property in the first degree. At the close of the State's case, defendant moved for dismissal claiming that the State had failed to prove a prima facie case. The motion was granted and the court ruled the State had proved neither value nor guilty knowledge. On appeal the Court of Appeals reversed the trial court by a 2 to 1 vote. We affirm the trial court and reverse the Court of Appeals.

There are two questions presented. Should the court deny a motion to dismiss for lack of sufficient evidence made at the close of the State's case when the only ground to support such denial would be a charge of a lesser included offense not charged or included in requested instructions by the State. The second issue is whether there was sufficient evidence to establish a prima facie case that the defendant knowingly possessed a stolen 1974 Ford Bronco as charged in the information.

Petitioner was charged pursuant to RCW 9A.56.140(1) and 9A.56.150. The charge read:

That the defendant . . . in King County, Washington, during a period of time intervening between November 27, 1976 through November 29, 1976, did knowingly receive, retain, possess, conceal, and dispose of stolen property, to–wit: a 1974 Ford Bronco, VIN [vehicle identification number] #V15GLU08341, of a value in excess of $1,500 knowing that it had been stolen and did withhold and appropriate the same to the use of a person other than Hanna Motors, Vancouver, WA.

The State's evidence showed that in September 1976, Mr. Lyle Briggs of Grass Valley, Oregon, sold a wrecked 1974 Ford Bronco to the petitioner. Briggs testified that the front end of the Bronco was "totaled" and the frame bent. He stated petitioner took the frame and main body of the Bronco on a flatbed trailer and another man took the fenders and hood later.

On November 22, 1976, employees of Hannah Motor Company of Vancouver, Washington, discovered and reported the theft of a 1974 Ford Bronco from their lot. The vehicle identification number (VIN) on the stolen Bronco was U–15GLU08341. The keys to the Bronco also were missing.

Mr. Terry Doyle testified petitioner sold him a white 1974 Ford Bronco with license number AJH 997. Doyle bought the auto from petitioner at Benson Auto Rebuild in Kent, Washington. Doyle testified that petitioner gave him title to the vehicle but suggested he not change the title immediately but wait until the first of the new year to avoid paying two license fees.

In January 1977, Mrs. Doyle took the Bronco to the State Patrol Office for an inspection prior to applying for a license. A patrolman examined the car and discovered that the VIN on the frame, U–15GLU08341, matched that of the Bronco stolen from the Hannah Motor Company. This number differed from the VIN located on the Federal Emissions Standards stickers attached to the left front door jamb and the glove box. The latter VIN appeared on the

title given the Doyles by petitioner and also matched the identification number of the wrecked Briggs automobile sold to petitioner. Another state trooper testified that the vehicle appeared to be freshly painted. Briggs testified that he recognized the dash in the vehicle he sold to petitioner as being the same as the dash in the vehicle sold to the Doyles.

The first issue is whether upon a motion to dismiss for lack of sufficient evidence made at the close of the State's case, the trial court is required to deny the motion, *sua sponte,* where there is proof of a lesser included offense, even if the prosecution does not request that the lesser offense be presented to the jury.

The parties agree on the law establishing the requirements for conviction of a lesser included offense.

> A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

*State v. Bishop,* 90 Wn.2d 185, 191, 580 P.2d 259 (1978). *See also State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

RCW 9A.56.140(1) defines possession of stolen property.

> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

RCW 9A.56.150(1) states "[a] person is guilty of possessing stolen property in the first degree if he possesses stolen property which exceeds one thousand five hundred dollars in value." No proof of value is necessary for conviction of possession of stolen property in the third degree. RCW 9A.56.170(1). The Court of Appeals reasoned that "[b]ecause one could not be guilty of possessing stolen property in the first degree without also being guilty of possessing stolen property in the third degree, the latter is

a lesser included offense of the former." *State v. Rhinehart,* 21 Wn. App. 708, 712, 586 P.2d 124 (1978).

 To hold that an instruction on a lesser included offense would have been *permitted* is not to further *require* such an instruction under the circumstances presented here. Here after the petitioner moved for dismissal, the trial judge and both counsel discussed the proffered grounds for the motion extensively. After the prosecuting attorney discussed the other grounds for the motion, the judge specifically questioned him on the value issue. The attorney simply reiterated testimony as to the value of the Briggs and Hannah vehicles. He did not raise the possibility of instructing on the lesser included offense. When the judge dismissed the case stating that the State had failed to prove value, the State did not request such an instruction. The judge then discharged the jury. The issue of an instruction on the lesser included offense was first raised in the State's motion for reconsideration and for a new trial.

 The failure to give an instruction will not be held as error where there is no request for the instruction. *State v. Goldstein,* 58 Wn.2d 155, 361 P.2d 639 (1961); *State v. Mayner,* 4 Wn. App. 549, 483 P.2d 151 (1971). The fact that the State raised the issue on motion for reconsideration does not persuade us that this rule should not apply, especially where, as here, the trial judge has dismissed and discharged the jury. The prosecuting attorney had ample opportunity to request an instruction on possession of stolen property in the third degree and failed to do so. Counsel on appeal was not trial counsel.

The second question at issue is whether there was sufficient evidence to establish a prima facie case that petitioner knowingly possessed a stolen 1974 Ford Bronco as charged in the information. Petitioner concedes that the State brought forth sufficient evidence from which the jury could have inferred petitioner knew he possessed a stolen *car frame.* The trial court ruled that the State did not establish that anything other than the frame on the car sold to the Doyles by petitioner was stolen. The Court of Appeals

reversed the trial court holding that the "semantic distinction" between a car frame and the car itself was not grounds to dismiss for failure to establish a prima facie case.

CrR 2.1(b) requires that a criminal information contain a plain, concise and definite statement of the essential facts constituting the offense charged. The purpose behind this requirement is that

> it is fundamental that an accused must be informed of the charge he is to meet at trial and that he cannot be tried for an offense not charged.

*State v. Smith*, 11 Wn. App. 216, 225, 521 P.2d 1197 (1974). An information is subject to attack if it is too indefinite or uncertain to enable the accused to prepare his defense. *State v. Dixon*, 78 Wn.2d 796, 802, 479 P.2d 931 (1971).

The State did not charge the petitioner with possession of stolen parts of a vehicle although clearly the prosecuting attorney could have done so initially or by amendment after it became clear that there was insufficient proof that petitioner ever possessed the stolen vehicle. The information put petitioner on notice that he must answer the charge as to a stolen Ford Bronco, not one part thereof. This was the charge his defense prepared to meet.

The Court of Appeals is reversed and the trial court's order of dismissal is affirmed.

ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., and HUNTER, J. Pro Tem., concur.

HICKS, J. (concurring)—While I concur with the opinion of the majority, I believe there is a further reason requiring reversal of the Court of Appeals. *State v. Rhinehart*, 21 Wn. App. 708, 586 P.2d 124 (1978), was decided by a divided court. In dissenting, Dore, J., raised the matter of double jeopardy if the trial court was reversed. I am convinced that the dissenting judge was correct on this issue.

When a trial court dismisses a criminal case for insufficient evidence at the close of the State's case, no matter how erroneous that ruling may be, retrial of the defendant is precluded by the rule that one may not be twice placed in jeopardy for the same offense. *United States v. Scott,* 437 U.S. 82, 91, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978); *Sanabria v. United States,* 437 U.S. 54, 63–64, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978). Consequently, in addition to the rationale advanced by the majority, I am of the opinion that the reasons stated by the dissenting judge in *Rhinehart* at pages 717–19 on the issue of double jeopardy should be recognized by this court as a further basis for reversing the Court of Appeals and affirming the trial court.

WRIGHT and WILLIAMS, JJ., and HUNTER, J. Pro Tem., concur with HICKS, J.

ROSELLINI, J. (concurring with Hicks, J.)—I concur with Justice Hicks that the retrial of a defendant is precluded by the rule that one may not be placed twice in jeopardy for the same offense. When the greater offense is dismissed, all of the included offenses are dismissed.

Otherwise, the prosecutor could charge a defendant with first–degree murder; if he were acquitted, he could be charged with second–degree murder; and then if he were acquitted, he could be charged with manslaughter, all included offenses. This would make a mockery of the rule on double jeopardy.

I would adopt the Oregon rule in *State v. Brown,* 262 Ore. 442, 458, 497 P.2d 1191 (1972), where it is held that

a second prosecution is for the "same offense" and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court [at the same time], and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution.

930

This rule comports with the spirit of the doctrine of double jeopardy.

WILLIAMS, J., concurs with ROSELLINI, J.