[No. 7491–1–I.   Division One.   July 14, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. CYNTHIA
LUTMAN, *Appellant*.

*Ronald C. Mattson,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jerry A. Stimmel, Deputy,* for respondent.

DORE, J.—Cynthia Lutman was charged by traffic citation with (1) hit–and–run, and (2) failure to yield the right–of–way. At the conclusion of the trial in district court, both charges were dismissed, but the State was allowed to amend its complaint, and charge her with negligent driving.

She was then convicted of negligent driving. She subsequently appealed her conviction of negligent driving to Superior Court wherein she again was convicted on a trial de novo. She now appeals to this court.

## ISSUE

Did the district court err in permitting the State to amend its complaint, to charge defendant with negligent driving at the conclusion of trial of two unrelated offenses, which were dismissed?

## FACTS

The subject accident occurred on August 23, 1978. Lutman was issued a citation charging her with "hit–and–run (occupied accident)" and "failure to yield the right–of–way."

At the conclusion of the evidence, the trial court stated that it believed the evidence was insufficient on the hit–and–run and failure to yield the right–of–way charges, but that he would grant a motion to amend the complaint to negligent driving. The prosecutor complied and the judge found Lutman guilty of negligent driving. The two other charges were dismissed.

## DECISION

█ It is fundamental that an accused must be informed of the charge he is to meet at trial and cannot be tried for an offense not charged. *State v. Rhinehart,* 92 Wn.2d 923, 602 P.2d 1188 (1979); *State v. Smith,* 11 Wn. App. 216, 521 P.2d 1197 (1974); Const. art. 1, § 22 (amendment 10).

Article 1, section 22 of the state constitution provides in part:

> In criminal prosecutions the accused shall have the right ; . . to demand the nature and cause of the accusation against him, to have a copy thereof . . .

An amendment during trial stating a new count charging a different crime violates this provision. *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951).

JTR 3.04 provides:

> The court may permit a complaint or citation to be amended at any time before judgment *if no additional or different offense is charged,* and if substantial rights of the defendant are not thereby prejudiced. A continuance shall not be granted upon such amendment unless the defendant shall satisfy the court that the amendment has made it necessary for him to have additional time in which to prepare his defense.

(Italics ours.) This rule cannot bear an interpretation which would contravene Const. art. 1, § 22. *State v. Olds, supra.* Hit–and–run driving is leaving the scene of an accident and is totally independent of any fault in causing the accident. RCW 46.52.020. Negligent driving, however, requires proof that the defendant operated a vehicle "in such a manner as to endanger or be likely to endanger any persons or property." RCW 46.61.525. They are separate offenses and the district court erred in amending the complaint.

Even were we to consider this to be an amendment of the charge of failure to yield the right–of–way, our conclusion would be the same. Failure to yield the right–of–way and negligent driving are different offenses with different elements. *Compare* RCW 46.61.205 *with* RCW 46.61.525.

Lutman went to court charged with "hit–and–run," which is not a moving traffic violation, and failure to yield the right–of–way, which is a minor moving traffic violation. After all evidence had been taken, she found herself convicted of negligent driving, an offense unrelated to the two charges alleged in the complaint, which charges she came to court to defend against. This procedure violated her constitutional right to be informed of the charges against her.

We also reject the contention that Lutman's conviction at trial de novo cleansed the original error. Review of the district court action could be had by special writ or appeal. *State v. Mandel,* 23 Wn. App. 562, 597 P.2d 443 (1979). Had Lutman prevailed at Superior Court on her claim that she was erroneously convicted of negligent driving, the trial de novo would have ended. Double jeopardy

would have prevented retrial on the two dismissed charges or on a new charge of negligent driving based on the same act. *See* concurring opinions of five justices, *State v. Rhinehart, supra* at 928, wherein Justice Hicks stated:

> When a trial court dismisses a criminal case for insufficient evidence at the close of the State's case, no matter how erroneous that ruling may be, retrial of the defendant is precluded by the rule that one may not be twice placed in jeopardy for the same offense. *United States v. Scott,* 437 U.S. 82, 91, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978); *Sanabria v. United States,* 437 U.S. 54, 63–64, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978).

Defendant's conviction is set aside and the charge of "negligent driving" is dismissed.

JAMES, A.C.J., and RINGOLD, J., concur.