[No. 47874–1.   En Banc.   June 3, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JOEL B. CARR, *Petitioner.*

*Douglas W. Scott,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Margaret Doyle Fitzpatrick, Deputy,* for respondent.

DORE, J.—Joel Carr appeals a judgment finding him guilty of failure to register with the Washington Utilities and Transportation Commission in accordance with RCW 81.80.371. We reverse, holding that it was prejudicial error (1) to permit an amendment of the complaint setting forth a new crime against Carr and (2) to fail to furnish Carr with a copy of the amended complaint.

Joel Carr, an independent trucker and the registered owner of an 18–wheel truck and trailer, entered into a lease agreement with Continental South, a Utah corporation, wherein he rented his truck and trailer to Continental South and transported particle board owned by them from Tacoma to Utah. On October 12, 1979, Carr picked up a load of particle board owned by Continental South in Tacoma and began his journey to deliver his load in Utah.

While proceeding eastbound on State Route 18, Carr was stopped by Richard Rosengreen, a district supervisor for the motor carrier law enforcement section of the Washington Utilities and Transportation Commission (Commission). Carr presented load tickets indicating the particle board was paid for by Wade Christensen, president of Continental South. Rosengreen determined that Christensen

was not properly registered with the Commission. In fact, Carr was properly registered with the Commission but only had a license to carry exempt commodities. Particle board is a nonexempt commodity.

Rosengreen cited Carr with a violation of RCW 81.80.070 on the standard Washington uniform complaint/citation and court docket form. This statute provides that no carrier shall operate for the transportation of property for compensation in this state without first obtaining from the Commission a permit to do so. The trial was set for November 30, 1979. At trial, Carr appeared pro se.

Between the time the citation was issued and the trial date, Rosengreen determined that the goods were, in fact, going to Utah rather than to Spokane. At trial, the State moved to amend the charge to a violation of RCW 81.80-.371, which involves interstate transportation. The court granted the motion and wrote "amend to 81.80.371" above the "81.80.070" on the Washington uniform complaint/citation and court docket form. Carr was granted a 1-week continuance to prepare for the new charge.

Carr attempted to obtain a copy of the amended complaint but was refused. The judge read the text of RCW 81.80.371 to Carr in open court. He entered a plea of not guilty to the amended charge and, at the conclusion of the State's case, asked for a continuance so that he could bring his proof to court. Carr was granted a continuance until December 7, 1979, at which time he failed to produce contradicting evidence and was found guilty of violating RCW 81.80.371. Carr appealed the conviction to the Superior Court for King County where a jury trial was held on March 7, 1980. At no time before or during this trial was Carr furnished with a copy of the amended complaint. The jury found Carr guilty as charged. Division One of the Court of Appeals affirmed.

I

An accused must be informed of the charge he is to meet at trial and cannot be tried for an offense not charged. *State v. Rhinehart,* 92 Wn.2d 923, 602 P.2d 1188 (1979); *State v. Lutman,* 26 Wn. App. 766, 614 P.2d 224 (1980); *State v. Smith,* 11 Wn. App. 216, 521 P.2d 1197 (1974).

Article 1, section 22 of the Washington State Constitution provides in part:

> In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, to have a copy thereof, . . .

An amendment during trial stating a new count charging a different crime violates this provision. *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951).

Justice Court Criminal Rule 4.10 also provides in part:

> The court may permit a complaint to be amended at any time before judgment if no additional or different offense is charged, and if substantial rights of the defendant are not thereby prejudiced.

The Court of Appeals held that Carr must show prejudice resulting from an amended complaint to constitute basis for reversible error. In reaching this conclusion, the Court of Appeals read the word "and" connecting the two clauses of JCrR 4.10 as disjunctive and failed to address the requirement stated in the first clause of the rule. Presumably, the drafters of the Justice Court Criminal Rules would have used the word "or" if they intended to convey a disjunctive interpretation of the rule. *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978); *State v. Tiffany,* 44 Wash. 602, 87 P. 932 (1906); *State v. Williams,* 29 Wn. App. 86, 627 P.2d 581 (1981). The word "and" is obviously conjunctive and should not be read as the Court of Appeals insisted. To amend a complaint under this rule, (1) the substantial rights of the defendant cannot be prejudiced *and* (2) no additional or different crime may be charged.

The offenses charged under RCW 81.80.070 and RCW 81.80.371 are clearly different offenses, thus making the amendment of the complaint improper. RCW 81.80.070

provides in pertinent part:

> No "common carrier," "contract carrier," or "temporary carrier" shall operate for the transportation of property for compensation *in this state* without first obtaining from the commission a permit so to do.

(Italics ours.)

RCW 81.80.371 provides in pertinent part:

> It shall be unlawful for any carrier to perform a transportation service for compensation upon the public highways of this state without first having secured appropriate authority from the Interstate Commerce Commission, if such authority is required, and without first having registered such authority, if any, with the commission.
>
> It shall also be unlawful for a carrier to perform a transportation service for compensation on the public highways of this state *as an interstate carrier* of commodities included in the exemptions provided in section 203(b) of the Interstate Commerce Act without having first registered as such a carrier with the commission.

(Italics ours.) Intrastate transportation under RCW 81.80-.070 and interstate transportation under RCW 81.80.371 are separate offenses and the district court erred in allowing amendment of the complaint.

The present case is analogous to the *Lutman* case cited above. Lutman went to court charged with "hit–and–run" and "failure to yield the right of way". At the conclusion of the evidence, the trial court allowed the State to amend the complaint to charge negligent driving, and the other two charges were dismissed. The Court of Appeals held that amending the complaint during trial violated Lutman's rights under Const. art. 1, § 22. *Lutman,* at 768. Similarly, amending the complaint at the start of trial violated Carr's right to be informed of the accusations against him.

## II

█ We also hold that the trial court erred in failing to furnish Carr with a copy of the amended summons and complaint. Article 1, section 22 of the state constitution requires the accused in criminal prosecutions to be fur-

nished a copy of the nature and cause of the accusations made against him. Additionally, JCrR 3.01 states:

> Arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant or stating to him the substance of the charge, and calling on him to plead thereto. *He shall be given a copy of the complaint* before he is called upon to plead.

(Italics ours.)

In interpreting this provision, this court stated in *State v. Doolittle,* 69 Wn.2d 744, 749, 419 P.2d 1012 (1966) that:

> Under J Crim. R 3.01 applying to criminal procedure, when the defendant is arraigned the court is required to read the complaint or to state the substance of the charge to the defendant. The rule also says, "He shall be given a copy of the complaint before he is called upon to plead." Thus, by reference to the criminal rules provision is made for the serving of a complaint in another way . . .

Although Carr received a copy of the original complaint form, he never received a copy of the form as amended with the new charge. This was despite his specific request for a copy of the amended complaint form. The judge's refusal to furnish Carr with a copy of the amended complaint violated his constitutional due process rights. The judge's subsequent in-court discussion with Carr concerning the nature and substance of the charge against him can in no way compensate for this constitutional violation.

Carr's conviction under RCW 81.80.371 is set aside and dismissed.

ROSELLINI, STAFFORD, UTTER, WILLIAMS, and PEARSON, JJ., concur.

ROSELLINI, J. (concurring)—The dissent approves the practice of orally charging a person with a crime. This is unknown in the law of all civilized nations and departs from all known due process, contrary to Const. art. 1, § 3.

Article 1, section 22 provides that, in a criminal prosecution, an accused has the right to demand the nature and cause of the accusation against him, and "*to have a copy*

*thereof"*. (Italics mine.)

Most persons who are charged with a crime know what they have done. The State has the duty to prove beyond a reasonable doubt the crime charged. This cannot be done without a written charge. It is necessary for the purpose of framing the issues to advise the jury, and to be certain that the conduct did violate the statute. A written charge is also necessary to be certain a person is not twice put in jeopardy.

For the reasons expressed by the majority, I concur.

PEARSON, J., concurs with ROSELLINI, J.

DIMMICK, J. (dissenting)—I dissent. The result reached by the majority is a classic example of legal technicalities strained to the point of incredulity.

Upon being stopped, Carr did not produce a bill of lading or shipping order to verify the load's destination. He merely showed Rosengreen a load ticket indicating the owner was Mr. Christensen, residing in Spokane, Washington.

Carr was thereupon cited for violation of RCW 81.80.070, an intrastate violation and was given a copy of that citation. By the time the parties arrived for trial, Rosengreen had investigated, and determined that Carr's destination was, in fact, Utah (interstate). This was brought to the attention of the prosecuting attorney and the judge who in open court amended the charge by crossing out RCW 81.80.070 and inserting RCW 81.80.371. This entire new section was read and explained to the defendant and, thereafter, he entered a plea of not guilty. Although he requested a copy of the new complaint, there was nothing to give him except, perhaps, a pencil so he could interlineate the new RCW number on the copy he already had. He was then given a 1–week continuance to prepare a defense which he failed, or was unable, to do. After being found guilty the defendant, still pro se, appealed to the Superior Court demanding a jury trial. He was at all times well

aware of the charges against him. He discussed the two RCW sections and told the trial judge he was entitled to a copy of the amended complaint. The judge asked him if there was any question about the charge and determined the defendant knew full well that the charges entailed transporting goods interstate rather than intrastate. The defendant was found guilty by a jury. His sole contention before the jury was that the State did not have authority to regulate interstate commerce. He again appealed, this time to Division One of the Court of Appeals where a 3-judge panel found harmless error and affirmed his conviction. On appeal to this court, Carr maintains that the district court improperly amended the complaint and did not have jurisdiction over him because he was not handed a copy of the amended charge.

JCrR 4.10, quoted by the majority, permits an amended complaint at any time before judgment if no different offense is charged and if substantial rights of the defendant are not prejudiced. Clearly, the defendant has not shown prejudice, he was at all times before any trial, aware of the charges against him, had adequate time to prepare a defense if he had any. Therefore the issue is, does a literal reading of the justice court rule allow this amendment— that is, is this a new offense? Before addressing this issue, however, a question arises as to whether this section even addresses the issue of an amendment before trial. I maintain it does not.

The section allows for an amendment of a complaint at any time before judgment, meaning, I would presume, during trial. All of the cases cited by the majority (*State v. Rhinehart,* 92 Wn.2d 923, 602 P.2d 1188 (1979); *State v. Lutman,* 26 Wn. App. 766, 614 P.2d 224 (1980); *State v. Smith,* 11 Wn. App. 216, 521 P.2d 1197 (1974)) are inapposite here. They all apply to amendments after the trial has begun. In fact, in the *Lutman* case the trial was over and the trial judge indicated there was insufficient evidence to find the defendant guilty of hit-and-run and failure to yield the right of way and thereafter allowed an amend-

ment orally to negligent driving and found the defendant guilty. Double jeopardy was an issue in that case. This is not the case before this court. I disagree with the unsubstantiated conclusion of the majority after discussing *Lutman* "[s]imilarly, amending the complaint at the start of trial violated Carr's right to be informed of the accusations against him." Majority opinion, at 440. Here the citation was amended before any testimony was taken, the statute was read to him and he was properly arraigned.

Assume, however, as the majority did that JCrR 4.10 applies even before trial. Was a different offense charged, or was the amendment simply an alternate method of violating the rules of the Washington Utilities and Transportation Commission? I conclude it was the latter.

The defendant, an independent trucker for 20 years, failed to comply with either RCW 81.80.070 or RCW 81.80-.371. He knew he needed a permit to operate intrastate, and had to register to operate interstate. In fact, he had been registered with the Commission for the last 10 years as a carrier of exempt commodities in interstate traffic; he simply accepted a job to carry nonexempt commodities without following the rules and was apprehended.

The majority determined that the trial court violated defendant's constitutional rights by failing to actually hand him a copy of the amended complaint as required by article 1, section 22 of the state constitution. This section is clearly meant to ensure that a defendant has adequate notice of the charges against him. Under the circumstances of this case, I fail to see how giving Carr a copy of the amended complaint form would give him any better notice of the accusations against him. Accordingly, I conclude that the error was harmless beyond a reasonable doubt.

I would affirm the District Court judge, the Superior Court jury, the 3–member panel of the Court of Appeals, all of whom found the defendant in violation of RCW 81.80-.371.

Therefore, I dissent.

BRACHTENBACH, C.J., and DOLLIVER, J., concur with DIM-MICK, J.