[No. 53282-6.   En Banc.   November 25, 1987.]

THE STATE OF WASHINGTON, *Appellant,* v. CHAE SAN PELKEY, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Charles J. Herrmann* and *Jeffrey D. Gross,* for respondent.

UTTER, J.—The State of Washington appeals the trial court's order of dismissal with prejudice following defendant's jury trial for trading in special influence, RCW 9A.68-.050(1). The trial court granted defendant's motion for dismissal based on a finding that the statute is unconstitutional on its face for vagueness and overbreadth. We affirm the trial court's dismissal of the case, but on other grounds. The State violated Const. art. 1, § 22 (amend. 10) when it amended its information to charge a separate crime after it had already presented its case in chief. Accordingly, we do not reach the issue of whether the trial court erred in holding that the trading in special influence statute is void for vagueness and overbreadth.

The parties dispute some of the facts.[1] Detective Sergeant James Brauch is a member of the Everett Police Department vice and gambling unit. In the course of his official duties he became friends with the defendant, Chae San Pelkey, who operated several sauna parlors in the city of Everett and elsewhere. Pelkey and Brauch had a meeting on October 17, 1983, at a restaurant in Everett. At that meeting, the State alleges Pelkey complained that the possible presence of undercover officers in her Bellingham sauna parlor business hindered her employees' performance of sexual acts for customers, which cost her increased profit

---

[1]The State filed a narrative report of proceedings pursuant to RAP 9.3 with the Court of Appeals that has been made part of the record. There is no record that the defendant objected to this narrative report as she was entitled to under RAP 9.5. There is no verbatim report of proceedings provided in the record.

and clients. Pelkey allegedly offered to pay money to a friend of Brauch's, who was a vice officer in the Bellingham Police Department, in order to be kept apprised of vice surveillance activity in Bellingham. According to Pelkey, it was Brauch who initiated the contact and suggested the payments. They agreed to meet again on October 19.

Based on the foregoing information, Brauch sought and received an order authorizing the wire interception of the October 19 meeting, on the grounds that he had probable cause to believe that an attempt at bribery would take place at the meeting. Brauch wore a transmitter to the meeting, and the conversation was recorded and later transcribed. Pelkey gave Brauch $2,000 in cash, and asked if he had talked to his friend in Bellingham. Pelkey told Brauch that $500 per month would go to the Bellingham officer and that she would make payments to Brauch, too. The two specifically discussed advance warning of undercover surveillance, $10,000 for each closing of competing sauna parlors, and performance of sexual acts for customers of Pelkey's sauna parlor. Pelkey was arrested and charged with one count of bribery.

At the conclusion of the presentation of the State's case at trial, the defense moved to dismiss based on the lack of evidence that Brauch was acting in his official capacity at the time of the alleged offense.[2] Brauch had testified that he had no particular authority in Bellingham. In response, the State moved to amend the charge to trading in special influence, RCW 9A.68.050(1)(a), which, unlike the bribery statute, does not require that the result sought by the special influence affect a public servant's official duties.

The trial judge denied Pelkey's motion to dismiss based on the amendment of the information, and the jury found Pelkey guilty of trading in special influence. Pelkey moved for an arrest of judgment, on the grounds that RCW 9A.68-.050(1)(a) is unconstitutionally vague and overbroad on its

---

[2]The parties do not raise this question in this appeal, and we express no opinion on the merits of the issue.

face. The trial court granted the motion, and issued an order arresting judgment and dismissing the charges with prejudice because an information charging violation of an unconstitutional statute does not constitute a crime.

The State timely perfected its appeal, and the Court of Appeals certified the case to this court. We base our resolution of this case on the first issue presented in the appeal but not ruled on by the trial court: the trial court erred in permitting the State to amend the information from bribery to trading in special influence after the State completed presentation of its case in chief.

## I

Pelkey convincingly argues the trial judge violated article 1, section 22 of the Washington State Constitution by allowing the State to amend the information against the defendant after the State completed presentation of its case in chief. Article 1, section 22 provides in pertinent part:

> In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him . . .

Under this constitutional provision, an accused person must be informed of the charge he or she is to meet at trial, and cannot be tried for an offense not charged. *State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982); *State v. Rhinehart*, 92 Wn.2d 923, 602 P.2d 1188 (1979). An amendment during trial stating a new count charging a different crime violates this provision. *State v. Olds*, 39 Wn.2d 258, 235 P.2d 165 (1951). In *State v. Lutman*, 26 Wn. App. 766, 614 P.2d 224 (1980), cited with approval in *Carr*, the court held that charges of hit and run and failure to yield the right of way could not be amended during the trial to a charge of negligent driving. The court ruled that the amendment charging a different crime violated the constitutional provision against being tried for an offense not charged. "It is fundamental that an accused must be informed of the charge he is to meet at trial and cannot be tried for an offense not charged." *State v. Lutman, supra* at 767.

This rule is subject to two narrowly defined statutory exceptions. In *State v. Foster,* 91 Wn.2d 466, 471, 589 P.2d 789 (1979), we described these exceptions: "(1) where a defendant is convicted of a lesser included offense of the one charged in the information pursuant to RCW 10.61.006; and (2) where a defendant is convicted of an offense which is a crime of an inferior degree to the one charged, pursuant to RCW 10.61.003."

This court has long recognized this principle. Almost 100 years ago, we said:

> While it is true that the jury may find a defendant not guilty of the crime charged, but guilty of an offense of lesser degree, or of an offense necessarily included within that charged, it is also true that "accusation must precede conviction," and that no one can legally be convicted of an offense not properly alleged. The accused, in criminal prosecutions, has a constitutional right to be apprised of the nature and cause of the accusation against him. Const., art. 1, § 22. And this can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged. This doctrine is elementary and of universal application, and is founded on the plainest principle of justice.

*State v. Ackles,* 8 Wash. 462, 464–65, 36 P. 597 (1894).

██ RCW 10.61.003 does not apply to this case, as trading in special influence is not a lesser degree of the crime of bribery, but is contained in a separate statute. Neither does trading in special influence constitute a lesser included offense of bribery. In *State v. Rhinehart, supra* at 926, we reviewed the law establishing the requirements for a conviction of a lesser included offense of the crime charged:

> A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

*State v. Bishop,* 90 Wn.2d 185, 191, 580 P.2d 259 (1978).

*See also State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

Under RCW 9A.68.010(1)(a), a person is guilty of bribery if:

> With the intent to secure a particular result in a particular matter *involving the exercise of the public servant's vote, opinion, judgment, exercise of discretion, or other action in his official capacity,* he offers, confers, or agrees to confer any pecuniary benefit *upon such public servant;* . . .

(Italics ours.) A person is guilty under RCW 9A.68-.050(1)(a) of trading in special influence if:

> He offers, confers, or agrees to confer any pecuniary benefit *upon another person* pursuant to an agreement or understanding that *such other person will offer or confer a benefit upon a public servant or procure another to do so* with intent thereby to secure or attempt to secure a particular result in a particular matter; . . .

(Italics ours.) These statutes differ in at least two material respects. The special influence statute requires that a third party act as intermediary between the defendant and the public official. No such element exists in the bribery statute. Secondly, the bribery statute requires that the "particular result in a particular matter" involve the exercise of the public official's official duties, and the special influence statute by its terms does not. Trading in special influence is not a lesser included offense of the crime of bribery.

In *State v. Purdom,* 106 Wn.2d 745, 725 P.2d 622 (1986), we recently held that the trial court abused its discretion under CrR 3.3(h) when it denied the defendant's motion for a continuance after the prosecutor was allowed to amend the information on the day of trial. We found the court's denial was error. We construed CrR 3.3(h) to require allowance of a continuance under those circumstances. The constitutional challenge was not addressed.

Here, the constitutional argument is dispositive. The State argues that a midtrial amendment to an information does advise the defendant of the charges against him or her, in conformity with article 1, section 22. To support its

contention, the State cites CrR 2.1(e),[3] and case law thereunder. CrR 2.1(e) provides:

> **Amendment.** The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

The State contends that, under this rule, the defendant bears the burden of showing that she has suffered prejudice from the midtrial amendment, that she has failed to do so, and therefore, her challenge must fail. We cannot sustain an interpretation of a court rule which contravenes the state constitution.

CrR 2.1(e) necessarily operates within the confines of article 1, section 22. During the investigatory period between the arrest of a criminal defendant and the trial, the State frequently discovers new data that makes it necessary to alter some aspect of the information. It is at this time amendments to the original information are liberally allowed, and the defendant may, if necessary, seek a continuance in order to adequately prepare to meet the charge as altered. CrR 3.3(h).

The constitutionality of amending an information after trial has already begun presents a different question. All of the pretrial motions, voir dire of the jury, opening argument, questioning and cross examination of witnesses are based on the precise nature of the charge alleged in the information. Where a jury has already been empaneled, the defendant is highly vulnerable to the possibility that jurors will be confused or prejudiced by a variance from the original information.

Midtrial amendment of a criminal information has been allowed where the amendment merely specified a different manner of committing the crime originally charged. *State v. Gosser*, 33 Wn. App. 428, 656 P.2d 514 (1982), or charged a lower degree of the original crime charged, *State v. Brown*,

---

[3]This court rule was formerly numbered CrR 2.1(d), and has been amended. 106 Wn.2d 1102 (1986).

74 Wn.2d 799, 447 P.2d 82 (1968). A criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense. Anything else is a violation of the defendant's article 1, section 22 right to demand the nature and cause of the accusation against him or her. Such a violation necessarily prejudices this substantial constitutional right, within the meaning of CrR 2.1(e). The trial court committed reversible error in permitting this midtrial amendment.

Since we have determined that the amendment of the information constituted error, we do not reach the question of whether RCW 9A.68.050(1), the trading in special influence statute, is unconstitutional. Further prosecution under this statute would be subject to a defense motion to dismiss pursuant to CrR 4.3(c)(1), failure to join related offenses. CrR 4.3(c)(1), as we stated in *State v. Anderson,* 96 Wn.2d 739, 740, 638 P.2d 1205, *cert. denied,* 459 U.S. 842 (1982), "provides that offenses are related if based upon the same conduct and are within the jurisdiction and venue of the same court." The two charges brought against Pelkey are related, and could have been joined in the original information. Rather than wait for this issue to be raised in a subsequent appeal, we hold in the interest of judicial economy that the State is precluded under CrR 4.3 and our holding in *State v. Anderson, supra,* from asserting the charge of trading in special influence once again against Pelkey. Accordingly, the cause is reversed and remanded for further proceedings not inconsistent with this opinion.

PEARSON, C.J., and BRACHTENBACH, DOLLIVER, DORE, and GOODLOE, JJ., concur.

DURHAM, J. (concurring)—The majority establishes a blanket rule prohibiting the amendment of a criminal charge after the State has rested its case in chief, unless the amendment is to a lesser degree of the original charge or a lesser included offense. With these exceptions, it concludes

that any such amendment is a per se violation of Const. art. 1, § 22 (amend. 10), which gives a defendant the right to demand the nature and cause of the accusation against him. Thus, the majority eliminates any requirement that the defendant show that she was, in fact, prejudiced by the amendment. It is with this holding that I disagree.

Pelkey was originally charged with bribery under RCW 9A.68.010(1)(a), which required that Everett police officer James Brauch was acting in his official capacity when the offer of money was made. After the State rested its case, Pelkey brought a motion to dismiss based on the lack of evidence as to this particular aspect of the statute. In response, the State moved, and was allowed, to amend the charge to trading in special influence, RCW 9A.68.050(1)(a). This statute differs from bribery primarily in that the recipient of the money, Officer Brauch, need not be identified as a public servant, but that he, in turn, offer or confer a benefit upon a public servant, in this case a member of the Bellingham Police Department. The limited record before us appears to contain sufficient identification of the Bellingham person as a police officer.

Pelkey's counsel filed a post–trial motion to dismiss claiming, *inter alia,* prejudice "which occurred during the course of the trial as a result of the prosecution's failure to properly charge the defendant and the resulting amendment allowed at the close of the prosecution's case–in–chief". Counsel then sets forth in detail several ways in which his trial preparation and conduct were impaired by the amendment, including lack of notice, inadequate pre-trial preparation and briefing of legal issues, possible prejudice of the jury as a result of the bribery charge, change of trial tactics, especially relating to cross examination of the key witness, and the focus of closing argument. Unfortunately, the record before us is limited to a narrative report of proceedings which makes a thorough evaluation of Pelkey's claim difficult. Nonetheless, it appears that Pelkey's claim is meritorious. Thus, I believe Pelkey has established

the requisite prejudice, and I would affirm the dismissal on that basis only.

ANDERSEN and CALLOW, JJ., concur with DURHAM, J.

Reconsideration denied January 20, 1988.