# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73204-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JAMAR PEELER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 1, 2016 |

SPEARMAN, J. — Jamar Peeler appeals his conviction for second degree promoting prostitution. He argues that the trial court erred in allowing the State to amend the information following the State's presentation of evidence but before the State had formally rested. Because the per se rule prohibiting amendment to the information did not apply and because Peeler fails to show prejudice that would otherwise make the amendment improper, we affirm.

## FACTS

The State charged Peeler with second degree assault and second degree promoting prostitution. Concerning the second count, the information stated "[t]hat the defendant Jamar Patrick Peeler in King County, Washington, between March 7, 2013 and November 18, 2013, did knowingly attempt to advance and profit from the prostitution of [S.G.] ... [c]ontrary to RCW 9A.88.080(1)(b)." Clerk's Papers (CP) at 7-8.

At trial, the State called several witnesses. Following S.G.'s testimony and cross-examination, the trial court adjourned for the day. The court asked the parties if they planned to rest their cases the following morning. The State indicated that it did. The next morning, the State moved to amend the information to remove the word "attempt." Verbatim Report of Proceedings (VRP) (1/22/2015) at 4. The prosecutor stated that he believed the word "attempt" was in the statute, but that the State's case was that Peeler actually advanced and profited from prostitution. Peeler objected, arguing that the amendment prejudiced him because it elevated the crime charged from a gross misdemeanor to a felony. The trial court granted the State's motion. The State later rested.

Peeler was convicted and received standard range sentences. He appeals.

## DISCUSSION

Peeler argues that the trial court erred in permitting the State to amend the information after the presentation of its case in chief. Court Criminal Rule (CrR) 2.1(d)[1] provides that a trial court may permit the State to amend an information "at any time before verdict or finding if substantial rights of the defendant are not prejudiced." But CrR 2.1(d) "necessarily operates within the confines" of the Washington Constitution. State v. Schaffer, 120 Wn.2d 616, 621, 845 P.2d 281 (1993) (quoting State v. Pelkey, 109 Wn.2d 484, 490, 745 P.2d 854 (1987)). Under article 1, section 22, the State must provide a criminal defendant notice of

---

[1] Former CrR 2.1(e) was amended in 1986, revers[ing] present sections (d) and (e) to maintain a more logical order in the rule. CrR 2.1, 1986 cmt. CrR 2.1(d) states, "[t]he court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced."

all charged crimes. Id. at 619. The purpose of the constitutional provision is to prevent charging documents from providing inadequate notice that prejudices the defendant's ability to mount a defense. Id.

Our Supreme Court has created a per se rule that amending the information after the State has rested its case violates a defendant's rights under article 1, section 22.[2] Pelkey, 109 Wn.2d at 491. But the court has declined to extend the per se rule "to a point earlier in the criminal process." Schaffer, 120 Wn.2d at 622. Amendments during the State's case are governed by CrR 2.1(d) and are permitted if they do not prejudice a defendant's substantial rights. Id. at 621. The defendant has the burden of showing prejudice. Id. at 620. We review a trial court's decision on a motion to amend for abuse of discretion. Id. at 621-22.

Peeler acknowledges that the State had not formally rested its case at the time it moved to amend. He nevertheless argues that the per se rule applied to bar the amendment. Peeler argues that the State's case remained open only for consideration of an evidentiary issue and that the State's case in chief was closed "for all intents and purposes" when it sought to amend the information. Brief of Appellant at 10.

We reject this argument. Pelkey provides a bright line rule: amendments are per se prejudicial after the State has rested its case. Pelkey, 109 Wn.2d at 491. Peeler asks us to hold that the State's case was effectively closed although it was not officially closed. He provides no support indicating that we may make

---

[2] Amendments are permitted where the change is to a lesser degree of the crime charged or a lesser included offense. Pelkey, 109 Wn.2d at 488. These exceptions are not at issue here.

3

this determination or that, contrary to the Supreme Court's decision in Schaffer, we may extend the per se rule to an earlier point in time. This court has consistently held, as it must, that the per se rule applies after the State has rested. See, e.g., State v. Ziegler, 138 Wn. App. 804, 809, 158 P.3d 647 (2007) (declining to extend the per se rule to apply before the State rests it case). Because the State moved to amend before it rested its case, the per se rule against amendments did not apply.

Peeler next argues that the trial court erred even if the per se rule did not apply. He argues that the State's amendment prejudiced his interests in violation of CrR 2.1(d). He contends that he "prepared his entire defense strategy under the impression that he faced only one felony charge" and was prejudiced by learning that he faced two felony charges. Br. of App. at 10.

The possibility of a harsher penalty, by itself, does not demonstrate prejudice. State v. James, 108 Wn.2d 483, 489-90, 739 P.2d 699 (1987). Prejudice requires a showing of unfair surprise or inability to prepare a defense. Id. (citing State v. Purdom, 106 Wn.2d 745, 725 P.2d 622 (1986)). Peeler makes no such showing. We conclude that the trial court did not abuse its discretion in permitting the amendment.

Affirm.

WE CONCUR: