# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>MAZZAR GERALD ROBINSON,<br><br>            Petitioner. | No. 55761-4-II<br><br>UNPUBLISHED OPINION |

CRUSER, J. — Mazzar Robinson seeks relief from personal restraint imposed following his 2016 convictions for first degree felony murder (Count I), conspiracy to commit first degree murder (Count II), first degree burglary (Count III), attempted first degree robbery (Count IV)[1] and first degree unlawful possession of a firearm (Count V). In this petition, Robinson argues that his conviction on Count II must be vacated because "conspiracy to commit first degree felony murder is not a cognizable offense, and as such I was convicted of a nonexistent crime." Petition at 3. The State disagrees with Robinson's contention that conspiracy to commit first degree felony murder is not a cognizable offense, but concedes that Count II must be vacated for a different reason. The information charged Robinson with conspiracy to commit first degree murder under

---

[1] The status of Count IV, and of Robinson's resentencing, are pending in an appeal under cause number 54381-8-II, and in a personal restraint petition under cause number 53931-4-II, which is stayed pending that appeal. That appeal means that Robinson's judgment and sentence is not yet final, such that this petition is not subject to the time bar under RCW 10.73.090(1).

No. 55761-4-II

RCW 9A.32.030(1)(a), intentional murder, not under RCW 9A.32.030(1)(c), felony murder. But the jury was not instructed on the elements of first degree intentional murder. It was only instructed on the elements of first degree felony murder. The State concedes that in the absence of an instruction defining first degree intentional murder, the jury found Robinson guilty of conspiracy to commit first degree felony murder, a crime with which he had not been charged. That conviction must be vacated. *State v. Pelkey*, 109 Wn.2d 484, 487, 745 P.2d 854 (1987). We accept the State's concession and remand Robinson's judgment and sentence to the trial court for vacation of the conviction on Count II.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

LEE, C.J.

2