[No. 7586–1–I.   Division One.   July 7, 1980.]

PENNY S. HANSEN, *Appellant,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent.*

*Lee Covell,* for appellant.

*Slade Gorton, Attorney General,* and *Charles R. Bush,
Assistant,* for respondent.

CALLOW, C.J.—The Board of Industrial Insurance Appeals declined to review the decision of a hearing examiner that Penny Hansen was not an innocent victim of a criminal act and therefore ineligible for benefits under RCW 7.68, the crime victims compensation act. The hearing examiner's proposed decision and order was adopted as the written decision of the board as required by RCW 51.52.106. The ruling was affirmed by the Superior Court. We also find no error and affirm.

The appeal presents two questions: First, did the board adopt a proper legal standard to determine whether Hansen was an innocent victim of a crime? Second, was the board's determination that Hansen was not an innocent victim clearly erroneous or arbitrary and capricious in view of the record as a whole?

In the early morning, Penny Hansen was walking with a friend in the Pioneer Square area of Seattle. She was intoxicated at the time when she saw a female acquaintance named Adele walking across the street in the opposite direction shouting derogatory remarks toward her.

Hansen crossed the street to ask Adele to stop making such comments. Adele reacted hostilely and warned Hansen that she had a knife and would use it. Hansen did not retreat, but walked towards Adele talking to her. Hansen backed Adele up against a wall, and as Adele fumbled in her purse Hansen swung her left hand to touch Adele's face. Adele bit Hansen's hand and Hansen swung at Adele with her free arm. As Hansen then retreated, she was cut on the face with a sharp instrument, tripped, and when she tripped Adele fell upon her cutting her several more times. Adele was convicted of assault.

RCW 7.68, the crime victims compensation act, was promulgated to "provide a method of compensating and assisting innocent victims of criminal acts who suffer bodily injury or death as a consequence thereof." RCW 7.68.010. The legislature intended benefits to be "available to innocent victims of crime as defined and provided for in [RCW

7.68]." RCW 7.68.010. "Innocent victim" is not directly defined. A "victim" is defined as "a person who suffers bodily injury or death as a proximate result of a criminal act of another person . . ." RCW 7.68.020(3). The right of a victim to benefits is governed by RCW 7.68.070, which provides in part:

> (3) . . . no person or spouse, child, or dependent of such person shall be entitled to benefits under this chapter when the injury for which benefits are sought, was:
> (a) The result of consent, provocation or incitement by the victim;
> . . .
> (d) The result of the victim assisting, attempting, or committing a criminal act; . . .

The board's determination that Hansen was not an innocent victim may be reversed by this court if its findings, conclusions and decision are "affected by . . . error of law," are "clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order", or are "arbitrary or capricious." RCW 34.04.130(6)(d), (e) and (f).

Hansen first asserts that the board's decision was fundamentally wrong as a matter of law. That decision concluded that Hansen was not an innocent victim based upon a finding that "given several opportunities she failed to avoid confrontation or to retreat from confrontation . . ."

Hansen argues that the failure to retreat from a confrontation did not disqualify her from benefits under RCW 7.68. We do not, however, read the record as limiting the board's decision to solely that factor.

The initial appeal was heard by a hearing examiner. The examiner made it clear to all parties that his decision would be based on whether Hansen "provoked or incited or participated" in the assault. It is in this light that we examine the record and the finding regarding confrontation to determine whether there is support for the conclusion that Hansen "provoked or incited or participated" in the assault.

■ We must determine whether the board's findings established that Hansen was an innocent victim within the meaning of the statute to resolve this question. We find the following in *Garrison v. State Nursing Bd.*, 87 Wn.2d 195, 196, 550 P.2d 7 (1976):

> Words in a statute should be given their ordinary meaning absent ambiguity and/or a statutory definition. . . . Courts may consider extrinsic aids to interpret statutory language even without a showing that the language is ambiguous. . . . In so doing, we frequently resort to dictionaries to ascertain the common meaning of statutory language.

(Citations omitted.) The statute does not define the words "innocent," "provoked," or "incited." *Webster's Third New International Dictionary* (1969), in part, defines "provoke" as "to call forth (an emotion, action, activity) . . ." The same dictionary explains that provoke "may center attention on the fact of rousing to action or calling forth a response" and "is often used in connection with angry or vexed reactions . . ." "Incite" is defined as "to move to a course of action: stir up: spur on: urge on" and "to bring into being: induce to exist or occur". "Innocent" is defined as "free from guilt or sin" and "blameless."

Hansen could have ignored the derogatory remarks. Instead she crossed the street to confront Adele. At this point Adele threatened to use a knife and began fumbling in her purse. Hansen continued to confront her, literally backed her against a wall and reached out to touch her face. It is not surprising that these actions "provoked or incited" a violent response from Adele. Without question Hansen was the victim of a criminal assault. She was not, however, blameless. The board correctly concluded that she was not an innocent victim because Hansen provoked or incited the criminal act which caused her injuries. RCW 7.68.070(3)(a). The board's determination was not affected by error of law.

■■ Hansen also argues that the board's findings are "clearly erroneous" and that its decision was "arbitrary or

capricious." RCW 34.04.130(6)(e) and (f). An administrative determination is clearly erroneous when, although there is evidence to support the finding, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Schuffenhauer v. Department of Employment Security,* 86 Wn.2d 233, 543 P.2d 343 (1975); *Ancheta v. Daly,* 77 Wn.2d 255, 461 P.2d 531 (1969). In review of the board's decision we stand in the same position as the trial court. *Sisley v. San Juan County,* 89 Wn.2d 78, 569 P.2d 712 (1977). We have reviewed the entire record with regard to the public policy that only innocent victims be compensated. Our review of the evidence does not leave us with a definite and firm conviction that the board's determination was mistaken. We cannot say it was clearly erroneous.

We also conclude that the board's action was not arbitrary and capricious.

> Arbitrary and capricious action on the part of an administrative agency has been defined as willful and unreasoning action, without consideration and in disregard of facts or circumstances.

*Smith v. Hollenbeck,* 48 Wn.2d 461, 464, 294 P.2d 921 (1956). The hearing examiner in this case was aware of the statutory requirements and heard Hansen's detailed testimony concerning the events which resulted in her injuries. Our review of the record convinces us that his decision was properly based on the facts testified to by Hansen.

Affirmed.

ANDERSEN and DURHAM–DIVELBISS, JJ., concur.