2015 FEB -2 A 10: 00


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 71028-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CHAD CHENOWETH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 2, 2015 |

SPEARMAN, C.J. — Chad Chenoweth was charged with second and third degree child rape and first degree incest for seven alleged incidents involving his daughter, with two of the incidents occurring before she turned fourteen. At trial, the daughter testified about only six incidents and indicated they all took place after her fourteenth birthday. At the close of the evidence the State amended the information to conform to the testimony, dropping two of the charges and charging Chenoweth with lesser offenses based on the daughter's age. Chenoweth was convicted on all counts. He appeals, claiming that the convictions for the amended charges violated double jeopardy and/or due process. He also claims that the "to convict" instructions required the State to prove two acts for each charged offense, which it failed to do, and that the trial court should have considered the rape and incest counts to be the same criminal conduct for sentencing purposes. Finding no error, we affirm.

## FACTS

On May 4, 2012, Chad Chenoweth was charged with fourteen counts of rape and incest, for incidents involving his daughter L.C. occurring between July 2008 and July 2010. The original charges were as follows:

- two counts of rape of a child in the second degree on or about and between July 24, 2008, and July 24, 2009;

- one count of rape of a child in the second degree, on or about and between July 24, 2009, and July 24, 2010;[1]

- two counts of incest in the first degree on or about and between July 24, 2008, and July 24, 2009;

- five counts of incest in the first degree on or about and between July 24, 2009, and July 24, 2010; and

- four counts of rape of a child in the third degree on or about and between July 24, 2009, and July 24, 2010.

The first two counts of rape of a child in the second degree resulted from two of the incidents alleged to have occurred before the daughter turned fourteen years old. At trial on April 23, 2013, the daughter testified that only six incidents had taken place, and all happened after her fourteenth birthday. The State therefore sought to amend the information to conform to the testimony.

The parties agreed to rest before the jury, noting that the State had reserved its right to amend the information after the trial court heard Chenoweth's motion to dismiss. Chenoweth moved to dismiss Counts I-IV, the two counts of rape of a child in the second degree and two counts of incest in the first degree based on incidents alleged to

---

[1]This count should have been for rape of a child in the third degree. The State pointed out in its brief that the higher charge appears to have been a scrivener's error. The alleged victim was fourteen years old during the time frame indicated and Chenoweth could only have been charged with rape of a child in the third degree for the conduct.

have occurred before L.C.'s fourteenth birthday. The trial court indicated that it would dismiss those counts because of the timing, but that it would allow the State to amend the charges to reflect the different charging period. The trial court's ruling indicating it would dismiss the counts was only oral, and not reduced to writing. Chenoweth also moved to dismiss one count of rape in the third degree and incest in the first degree because L.C. testified to only six acts. The State agreed that the testimony only supported six incidents and indicated that it would "move to dismiss, or make part of an amendment to the information by dropping a count." Verbatim Report of Proceedings (VRP) (04/24/13) at 137:5-6. The State filed an amended information on April 25, 2013, and sought to arraign Chenoweth on the amended information at that time.[2] The revised charges were explained to Chenoweth on the record and the court indicated that it would explain the amended information and the revised counts to the jury.

The amended information reduced the counts to twelve total, consisting of six counts of rape of a child in the third degree and six counts of incest in the first degree. All were alleged to have occurred on or about and between July 24, 2009, and July 24, 2010, and in acts separate and distinct from any other charge.

The jury was given instructions that included the following:

Instructions 9, 11, 13, 15, 17, and 19:

> To convict the defendant of the crime of rape of a child in the third degree as charged in count [1, 3, 5, 7, 9, and 11], each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about July 24, 2009 and July 24, 2010, the defendant engaged in sexual intercourse with L.C.;

---

[2] Based on the State's understanding that the parties had agreed to amend the information, it did not file a formal motion to amend and Chenoweth did not object to the amended information at that time.

Instructions 10, 12, 14, 16, 18, and 20:

> To convict the defendant of the crime of incest in the first
> degree as charged in count [2, 4, 6, 8, 10, and 12], each of
> the following elements of the crime must be proved beyond
> a reasonable doubt:
>
> (1) That on or about July 24, 2009 and July 24, 2010,
>     the defendant engaged in sexual intercourse with
>     L.C.;

Clerk's Papers (CP) at 135-148. The jury returned verdicts finding Chenoweth guilty of all counts.

On July 10, 2013, the trial court heard and denied Chenoweth's motions to arrest judgment. On October 11, 2013, the case proceeded to sentencing. Chenoweth argued that the counts of rape and incest should have been considered the same criminal conduct for sentencing purposes because they were based on the same incident. The trial court disagreed and found that the counts were to be punished separately under State v. Bobenhouse, 166 Wn.2d 881, 897, 214 P.3d 907 (2009). The trial court sentenced Chenoweth to 102 months on the charges of incest in the first degree and 60 months on the charges of rape of a child in the third degree. Chenoweth appeals.

## DISCUSSION

Chenoweth argues that the trial court violated double jeopardy when it dismissed Counts I-IV for insufficiency of evidence but later allowed the State to amend these counts. Chenoweth argues the court's oral ruling was a final order and that the State was required to seek reconsideration in order to amend the charges. The State contends that the trial court's dismissal was prospective only with the understanding

4

that the State would be allowed to amend the information after the trial court ruled on Chenoweth's motion to dismiss.

The constitutional guaranty against double jeopardy protects a defendant against multiple punishments for the same offense. U.S. Const. Amend. V; Wash. Const. art. I, § 9; State v. Mutch, 171 Wn.2d 646, 661, 254 P.3d 803 (2011). A double jeopardy claim is of constitutional proportions and may be raised for the first time on appeal. State v. Land, 172 Wn. App. 593, 599, 295 P.3d 782, review denied, 177 Wn.2d 1016, 304 P.3d 114 (2013). We review the issue of double jeopardy de novo. City of Auburn v. Hedlund, 137 Wn. App. 494, 503, 155 P.3d 149 (2007).

An order of dismissal for insufficiency of evidence is the legal equivalent of an acquittal, and an appeal or retrial would violate double jeopardy. State v. Bundy, 21 Wn. App. 697, 702, 587 P.2d 562 (1978); State v. Matuszewski, 30 Wn. App. 714, 716, 637 P.2d 994 (1981). Protections against double jeopardy will attach, however, only if a court's ruling is final. State v. Collins, 112 Wn.2d 303, 308, 771 P.2d 350 (1989)[3] "[A] ruling is final only after it is signed by the trial judge in the journal entry or is issued in formal court orders." Id., (citing State v. Aleshire, 89 Wn.2d 67, 70, 568 P.2d 799 (1977)). The trial court's oral indication that it would dismiss the original charges against Chenoweth had no final or binding effect. Double jeopardy issues did not arise because there was no order or final ruling dismissing the charges.

---

[3]Chenoweth argues that the trial court should have considered this court's decision in Hedlund, 137 Wn. App. at 494, claiming that it modifies the Collins rule, but fails to indicate how Hedlund applies to his case. Id. Hedlund is distinguishable from both Collins and from this case, because in that case the City filed a writ of review to the superior court, presenting the trial court's ruling as final and requesting review. Hedlund, 137 Wn. App. at 506.

Chenoweth argues that the trial judge violated his constitutional due process rights by allowing the State to amend the information after it had clearly rested. The State argues that all parties understood that the State was resting provisionally and that it had permission to amend the charges to conform to the testimony.

A trial court's decision to allow the State to amend the charge is reviewed for an abuse of discretion. State v. Haner, 95 Wn.2d 858, 864, 631 P.2d 381 (1981). It is fundamental that an accused must be informed of the charge he is to meet at trial and cannot be tried for an offense not charged. State v. Carr, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982); State v. Lutman, 26 Wn. App. 766, 767, 614 P.2d 224 (1980). Under the criminal court rules, a trial court may allow the amendment of the information at any time before the verdict as long as the "substantial rights of the defendant are not prejudiced." CrR 2.1(d). While the rule permits liberal amendment, it is tempered by article 1, section 22 of the Washington Constitution which requires that the accused be adequately informed of the charge to be met at trial. State v. Pelkey, 109 Wn.2d 484, 487, 745 P.2d 854 (1987).

Here, the record demonstrates that the State had been permitted to rest before the jury only; there are multiple instances during the trial where the State indicated that it would be amending the charges and would not formally rest. The trial court granted the request to reserve the right to amend and Chenoweth did not object.[4] The parties understood that the State had preserved the right to amend the charges. Chenoweth received sufficient notice of the nature and cause of the amended charges. The trial court's decision to allow amendment of the charges was well within its discretion.

---

[4] Regardless of whether Chenoweth objected at trial, double jeopardy is a constitutional matter that may be raised for the first time on appeal. State v. Bobic, 140 Wn.2d 250, 257, 996 P.2d 610 (2000).

Chenoweth argues that his convictions must be overturned because the jury instructions proposed by the State required two violations for each of the counts, and those instructions became the law of the case. The jury instructions for each count stated, "(1) [t]hat on or about July 24, 2009 and July 24, 2010, the defendant engaged in sexual intercourse with L.C...." CP at 135-148. Chenoweth argues that the State failed to prove that separate violations occurred on each of the two dates. The State argues that while the instructions could have been more precise, they sufficed to define the period of time for the jury to consider. The State also argues that any error in the instructions was harmless; based on the information, directions, and evidence presented at trial no reasonable jury could have considered that the State had to prove two offenses.

We review jury instructions de novo in the context of the instructions as a whole. State v. Jackman, 156 Wn.2d 736, 743, 132 P.3d 136 (2006). Jury instructions must make the relevant legal standard manifestly apparent to the average juror. State v. Borsheim, 140 Wn. App. 357, 366, 165 P.3d 417 (2007).

Chenoweth relies on State v. Hickman, 135 Wn.2d 97, 954 P.2d 900 (1998), to support his argument. In that case, the State agreed to jury instructions that included venue, and then failed to prove that additional element. Id. at 101. The "to convict" instructions in Hickman listed "**[t]hat the act occurred in Snohomish County, Washington,**" as a separately numbered, additional element of the crime to be proved beyond a reasonable doubt. Id. The instructions in Hickman are distinguishable from the instructions in this case. Here, the charging period was poorly articulated but the

7

phrasing served to indicate a period of time during which the incidents were alleged to have occurred.

Furthermore, the presentation of evidence and argument at trial can reduce any possibility that instructions will be misconstrued. See State v. Corbett, 158 Wn. App. 576, 592-3, 242 P.3d 52 (2010) (totality of instructions, evidence, and arguments made it clear that the jury had to find separate and distinct acts for each of the guilty verdicts). Here, nothing in the way the case was tried, the testimony presented, or the jury instructed, suggested that the jurors were required to find two separate acts for each count. Both parties emphasized that there were six discrete incidents, one for each count, which occurred after the daughter's fourteenth birthday, July 24, 2009. In fact, Chenoweth's counsel told the jury specifically that the State had to prove incest occurred during the charging period represented by the two dates. He argued in closing that "the state has to prove that – the witness, that during this charging period, that is to say, you know, when she was – actually, when she was fourteen, between July 24th, 2009, and July 24th, 2010...." VRP (4/26/13) at 51. Based on a review of the jury instructions, the evidence presented at trial, and the closing arguments, any reasonable jury would have known that it had to find that only one distinct act occurred between July 24, 2009 through July 24, 2010, for each count of rape and incest.

Chenoweth claims that the convictions for incest and rape should have been considered the same criminal conduct and counted as a single crime.[5] He argues that

---

[5]Both the State and the trial court noted that even if the court had considered rape and incest to be the same criminal conduct in this case, Chenoweth's standard range would not be affected. Because a prior or other current sex offense scores a three, under either calculation, Chenoweth's Offender Score exceeds nine, the maximum offender score available. Both offenses are also seriousness level VI. Thus, his sentencing range is 77-102 months in any event.

the separate counts for incest and rape involved the same acts, the same victim, and occurred at the same time and place, and the case law supports this notion.

Determinations of same criminal conduct for sentencing purposes are reviewed for abuse of discretion or misapplication of law. State v. Graciano, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). In Bobenhouse, 166 Wn.2d at 897, the Washington Supreme Court held that the legislative intent to punish rape and incest as separate offenses, even though committed by a single act, extends to the same criminal conduct analysis for the purposes of sentencing.[6] We find no error in the trial court's consideration of the two offenses as separate and its sentencing of Chenoweth accordingly.

Affirmed.

WE CONCUR:

Spearman C.J.

Trickey, J.

Verellen, J.

---

[6] Chenoweth misinterprets Bobenhouse, claiming that the Supreme Court declined to find that the counts of first degree rape and first degree incest were not the same criminal conduct, even though they arose from the same acts. This is incorrect. Chenoweth disregards the salient portion of the Bobenhouse decision and focuses only on the alternative harmless error analysis.

9