# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
| --- | --- |
| CHRISTOPHER FIEGENBAUM, | No. 85925-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, |  |
| Respondent. |  |

BIRK, J. — Christopher Fiegenbaum challenges the Department of Labor and Industries' administrative decision denying him benefits under Washington's crime victims compensation act (the Act), chapter 7.68 RCW, because it found he incited the physical altercation that led to his injuries. Fiegenbaum petitioned for judicial review, and the superior court affirmed. Because there was substantial evidence that Fiegenbaum incited the incident and the superior court did not err in denying relief, we affirm.

I

On March 13, 2021, 35 year old Fiegenbaum was at the Everett Mall when he approached 16 year old M.V.-A. and asked for her phone number. M.V.-A. informed Fiegenbaum of her age and left to go to the bathroom. She then called her boyfriend, Sajaad Alghazali, to tell him about the encounter. M.V.-A. attempted

to inform mall security about the incident, but could not locate them. Alghazali arrived at the mall and met M.V.-A.

After the encounter with M.V.-A., Fiegenbaum approached 15 year old D.P. D.P. testified Fiegenbaum asked her what time she was off work because he "wanted to get [her] number" and "do something after." D.P. testified that while Fiegenbaum was talking with her, he started "to get very, very close to me," and "[b]y the end of the conversation, he was like about one foot away from me, right in front of my face, really, really close to me. And then, by that point, I was feeling very scared and very harassed by him." Alghazali and M.V.-A. saw Fiegenbaum talking to D.P. Alghazali approached the two because D.P. "looked very scared and frightened." Before physically intervening, Alghazali confirmed D.P.'s age and that she did not know Fiegenbaum. D.P testified,

> And then the guy, since he was really, really close to me, the other guy came and like pushed him back. And he was like ["]Hey, that's not right. She's a minor.["] And then that's when the—they start—the fight started because the other guy came and pushed him back because he was so close to me.

Fiegenbaum punched Alghazali, causing a physical fight to ensue. The fight ended when mall security arrived. Fiegenbaum sustained numerous injuries from the incident. No charges were filed.

Fiegenbaum filed a claim for crime victim benefits with the Department of Labor and Industries under the Act. After the department denied his claim, Fiegenbaum appealed the order to the Board of Industrial Insurance Appeals. An industrial appeals judge (IAJ) issued a proposed decision and order affirming the department's order. Fiegenbaum filed a petition for review. During the board's

review, it discovered that one of the exhibits was no longer in the board's electronic record. Because the record was incomplete, the board vacated the IAJ's proposed decision and order and remanded the matter to the IAJ to address the missing exhibit and issue a new order based on a complete record. After consideration of the evidence, including the missing exhibit, the IAJ denied Fiegenbaum's request for benefits under the Act, finding "a preponderance of the evidence showed that [Fiegenbaum] provoked and/or incited the incident that resulted in his injuries, making him ineligible for benefits under [chapter 7.68 RCW]."

After retaining counsel, Fiegenbaum filed a second petition for review, which the board denied. Fiegenbaum filed a petition for review of the board's order in the King County Superior Court. Following oral argument, the superior court affirmed the board's ruling. Fiegenbaum moved for reconsideration "with oral argument" and attempted to submit new exhibits to the court. The superior court did not consider the motion due to its violation of numerous court rules, and granted Fiegenbaum additional time to re-file. Fiegenbaum re-filed his motion for reconsideration, which the superior court denied because the new submission "contain[ed] no argument or citations to any legal authorities" and "fail[ed] to establish a basis for this Court to reconsider its prior ruling." Fiegenbaum appeals.

II

Although not challenged by the State, we first address the lack of assignments of error in Fiegenbaum's opening brief.

RAP 10.3(a)(4) requires an appellant to include a "separate concise statement of each error a party contends was made by the trial court, together with

3

the issues pertaining to the assignments of error." Generally, this court will review only an alleged error a party has included in an "assignment of error or clearly disclosed in the associated issue pertaining thereto." RAP 10.3(g). Fiegenbaum's briefing fails to conform to the Rules of Appellate Procedure in that he does not provide assignments of error, authority, or citations to the record. RAP 10.3.

We "hold pro se litigants to the same standards as attorneys." In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). However, the rules of appellate procedure are to "be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands." RAP 1.2. We wield discretion to consider cases and issues on the merits under RAP 1.2. State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995). This discretion should be exercised unless there are compelling reasons not to do so. Id. Where the nature of the appeal is clear, the relevant issues are argued, and the respondent is not prejudiced, there is no compelling reason for an appellate court to not consider the merits of the case or issue. Id. In the interests of promoting justice, and in the absence of an objection from the State, we exercise our discretion and consider the assignments of error that are properly before us.

III

Fiegenbaum argues the IAJ erred in finding that "[o]n March 13, 2021, [Fiegenbaum] provoked or incited the physical altercation that resulted in his injuries."

4

The Washington Administrative Procedure Act, chapter 34.05 RCW, governs our review of the board's decision. We "look to the administrative record, and not the superior court findings or conclusions, when conducting review." Waste Mgmt. of Seattle, Inc. v. Utils. & Trans. Comm'n, 123 Wn.2d 621, 633, 869 P.2d 1034 (1994). We review an agency's findings of fact for substantial evidence. Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wn.2d 169, 176, 4 P.3d 123 (2000). Substantial evidence exists when there is a sufficient quantity of evidence to persuade a fair-minded, rational person that a finding is true. Spencer v. Badgley Mullins Turner, PLLC, 6 Wn. App. 2d 762, 794-95, 432 P.3d 821 (2018). Even where the evidence conflicts, we need only determine " 'whether the evidence most favorable to the prevailing party supports the challenged findings.' " State v. Living Essentials, LLC, 8 Wn. App. 2d 1, 14, 436 P.3d 857 (2019) (quoting Prostov v. Dept. of Licensing, 186 Wn. App. 795, 820, 349 P.3d 874 (2015)). We do not reweigh the evidence or the credibility of the witnesses on appeal. Id. at 15.

The Act provides "benefits to innocent victims of criminal acts." RCW 7.68.030(1). "Each victim injured as a result of a criminal act . . . or the victim's family or beneficiary in case of death of the victim, are eligible for benefits." RCW 7.68.070(1). However, "[n]o person or spouse, child, or dependent of such person is eligible for benefits under this chapter when the injury for which benefits are sought was: (a) The result of consent, provocation, or incitement by the victim." RCW 7.68.060(2)(a). To "provoke" under the Act " 'may center attention on the fact of rousing to action or calling forth a response' and 'is often used in connection

with angry or vexed reactions.' " Hansen v. Dep't of Lab. & Indus., 27 Wn. App. 223, 226, 615 P.2d 1302 (1980) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1969)). "Incite" is defined as " 'to move to a course of action: stir up: spur on: urge on.' " Id. (quoting WEBSTER'S)

D.P. testified that during their conversation, Fiegenbaum "was like about one foot away from me, right in front of my face, really, really close to me. And then, by that point, I was feeling very scared and very harassed by him." Alghazali testified he approached D.P. and Fiegenbaum because D.P "looked very scared and frightened." D.P. was clear that Alghazali pushed Fiegenbaum in an attempt to get Fiegenbaum away from her because he was "very, very close to [her] . . . [s]o [Alghazali] only pushed [Fiegenbaum.] [A]nd [Fiegenbaum] punched him back." Although Fiegenbaum disputes these accounts, a reviewing court does not reweigh the evidence and this testimony is substantial evidence supporting the agency's finding that Fiegenbaum provoked the situation by putting himself in very close proximity to D.P. and frightening her, thus inciting intervention by others.

IV

Fiegenbaum argues the superior court erred in refusing to allow him to submit additional exhibits on appeal and asks this court to consider these exhibits in our review.

RCW 34.05.562(1) sets the parameters for court consideration of additional evidence. A court reviewing an agency decision "may receive evidence in addition to that contained in the agency record for judicial review, only if it relates to the validity of the agency action at the time it was taken and is needed to decide

6

disputed issues regarding" (a) improper constitution of the decision-making body; (b) the unlawfulness of the procedure; or (c) "[m]aterial facts in rule making, brief adjudications, or other proceedings not required to be determined on the agency record." Id. A court may not allow additional evidence where the proponent of the evidence alleges only that the record is incomplete. Lewis County v. Pub. Emp't Rels. Comm'n, 31 Wn. App. 853, 861, 644 P.2d 1231 (1982).

Fiegenbaum requests admission of additional evidence because the "exhibits included very important relevant audio and video that would prove [his] explanations of what [he] was trying to argue." Because Fiegenbaum fails to show the evidence meets any of the permissible reasons for additional evidence under RCW 34.05.562(1), the superior court did not err in declining to admit or consider the additional exhibits. For the same reasons, we cannot review the additional evidence.

V

Fiegenbaum argues the superior court erred in denying his motion for reconsideration. We disagree.

We review a superior court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006). The superior court denied Fiegenbaum's motion for reconsideration because it "contain[ed] no argument or citation to any

7

legal authorities" and "fail[ed] to establish a basis for this Court to reconsider its prior ruling." Fiegenbaum provides no argument as to how this ruling was exercised on untenable grounds or for untenable reasons. The superior court did not abuse its discretion.

VI

Fiegenbaum argues his counsel "failed to address inaccurate statements and in a way made [him] look bad" with regard to counsel's performance in the superior court. However, Fiegenbaum cites no authority supporting relief in a civil action based on his perception that his counsel made inaccurate statements during a hearing. Cf. Seventh Elect Church In Israel v. Rogers, 34 Wn. App. 105, 120, 660 P.2d 280 (1983) (constitutional right to effective assistance of counsel applies to criminal proceedings, and "[n]o similar right is given to parties in civil actions").

Affirmed.

_____
Birk, J.

WE CONCUR:

_____          _____
Chung, J.                        Mann, J.

8