# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,     )  No. 79834-1-I

                  )

         Respondent,     )

                  )  DIVISION ONE

         v.             )

                  )  ORDER GRANTING MOTION

JOSE RAUL EASTON,        )  FOR RECONSIDERATION AND

                  )  ORDER WITHDRAWING AND

                  )  SUBSTITUTING OPINION

         Appellant.      )

_____ )

The State of Washington filed a motion to reconsider and amend the court's opinion filed on June 15, 2020 without changing the result. The panel has determined that the respondent's motion for reconsideration should be granted and that the opinion filed on June 15, 2020 shall be withdrawn and substituted with a new opinion.

Now, therefore, it is hereby

ORDERED that respondent's motion for reconsideration is granted and that the opinion filed on June 15, 2020 shall be withdrawn and substituted with a new opinion.

FOR THE COURT:

_____
Mann, C.J.

_____

_____

FILED
8/3/2020
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

THE STATE OF WASHINGTON,     )     No. 79834-1-I
                                     )
             Respondent,     )
                                       )     DIVISION ONE
                 v.                           )
                                       )
JOSE RAUL EASTON,            )
                                       )
             Appellant.      )     UNPUBLISHED OPINION
                                       )

MANN, C.J. — Jose Easton appeals his conviction for residential burglary, arguing that his counsel was ineffective for not requesting a lesser included offense instruction and for not objecting to the instruction given by the trial court. We reverse and remand for a new trial.

I.

In July 2018, Easton, approached an apartment building in Bellevue, Washington, yelling for someone to come outside. Enshul Sharma, who was playing outside her apartment with her young son, witnessed Easton yelling, and heard him threatening to throw a rock. After Easton counted "one, two, three," he threw a rock at a nearby car, breaking its window.

Citations and pin cites are based on the Westlaw online version of the cited material.

Sharma then ran inside her apartment with her son and locked the door. Easton began banging on the door of Sharma's apartment, demanding that she open the door. When Sharma did not open the door, Easton peered through the windows. He broke the screen of one window and began to climb inside the apartment. Sharma told him "Just go away. This is my house," and Easton left.

Sharma called 911. While police were on their way, another apartment resident, Renuka Vallapru, left her front door ajar as she went to throw out her garbage. She saw Easton approach her apartment and peer in, so she repeatedly shouted "hello" at him. Vallapru saw a police car pull up to the apartment complex and she saw Easton run off.

Easton ran away from responding officers. After officers pursued Easton on foot, he was apprehended.

Easton was charged with residential burglary and malicious mischief in the third degree, which was amended to malicious mischief in the second degree. Easton pleaded guilty to malicious mischief in the second degree and proceeded to a jury trial on the residential burglary charge.

Easton did not testify at trial. His defense was that he did not enter the apartment with intent to commit a crime against a person of property therein, but that he entered the wrong apartment by mistake. Easton did not deny that he entered the apartment.

Easton's counsel proposed jury instructions, which included a lesser included instruction for criminal trespass in the first degree. The proposed defense instructions did not include pattern instruction WPIC 4.11, which would have read:

The defendant is charged with [Residential Burglary].  If, after full and careful deliberation on this charge, you are not satisfied beyond a reasonable doubt that the defendant is guilty, then you will consider whether the defendant is guilty of the lesser crime of [Criminal Trespass in the First Degree].

When a crime has been proved against a person, and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime.

The State proposed an edited version of pattern instruction WPIC 4.11, which the trial court included in its final instructions.  The edited version left out the second paragraph of the pattern instruction.  As given, instruction 14 read:

The defendant is charged with Residential Burglary.  If, after full and careful deliberation on this charge, you are not satisfied beyond a reasonable doubt that the defendant is guilty, then you will consider whether the defendant is guilty of the lesser crime of Criminal Trespass in the First Degree.

Easton's counsel did not object to the instruction given by the trial court.

During deliberations, the jury asked, "Will you please elaborate on 'commit a crime?'  Or, can you give us examples of 'crimes against a person.'  Does 'assault' mean you have to touch a person[?]"  The parties agreed that the court should instruct the jury, "Please refer back to your instructions."

The jury convicted Easton of residential burglary.  Easton appeals.

II.

Easton argues that his defense counsel was ineffective for failing to ensure that the jury was properly instructed on the lesser included offense.  He contends his counsel should have either offered the full pattern instruction WPIC 4.11, or objected to the version given to the jury, which omitted the second paragraph.  We agree.

-3-

We review a claim of ineffective assistance of counsel de novo. In re Pers. Restraint of Gomez, 180 Wn.2d 337, 347, 325 P.3d 142 (2014). To prevail on an ineffective assistance claim, the appellant must overcome the presumption that their counsel was effective. Gomez, 180 Wn.2d at 347. The defendant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. Gomez, 180 Wn.2d at 348. Prejudice occurs if there was a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Gomez, 180 Wn.2d at 348. If trial counsel's conduct is characterized as legitimate trial strategy or tactics, the conduct does not equate to ineffective assistance of counsel. State v. Yarbrough, 151 Wn. App. 66, 90, 210 P.3d 1029 (2009).

We first address whether Easton's counsel acted below an objective standard of reasonableness. We agree with Easton that his counsel's performance fell below an objective standard of reasonableness. Easton's counsel proposed a nearly complete set of jury instructions, including an instruction for the lesser offense of criminal trespass. Defense counsel inexplicably failed to include pattern instruction WPIC 4.11 to guide the jury's consideration of a lesser included offense.

The defendant is entitled to have the jury instructed on the charged offense and all lesser included offenses. RCW 10.61.006; State v. Workman, 90 Wn.2d 443, 447, 584 P.2d 382 (1978). Either party may request a lesser included offense instruction, or the court may give such an instruction on its own motion. State v. Lyon, 96 Wn. App. 447, 450, 979 P.2d 926 (1999); State v. Rhinehart, 92 Wn.2d 923, 927, 602 P.2d 1188

(1979). When pattern instruction WPIC 4.11 is requested, the instruction's final paragraph is required. State v. Stationak, 73 Wn.2d 647, 440 P.2d 457 (1968).

Relying on State v. Grier, 171 Wn.2d 17, 20, 246 P.3d 1260 (2011), the State argues that it was a legitimate trial strategy for defense counsel to omit pattern instruction WPIC 4.11—that defense counsel was pursuing an "all or nothing" defense. In Grier, our Supreme Court considered whether defense counsel was ineffective in withdrawing a request for jury instructions on the lesser included offenses. The defendant was charged with second degree murder. Grier, 171 Wn.2d at 26. Defense counsel originally proposed instructions for first and second degree manslaughter, but withdrew the instructions after consulting with the defendant. Grier, 171 Wn.2d at 27. At trial, defense counsel argued that the prosecution failed to prove that the defendant had shot the victim. Grier, 171 Wn.2d at 27.

After conviction, the defendant appealed, citing ineffective assistance of counsel. Grier, 171 Wn.2d at 29. The court determined that counsel was not deficient for pursuing an "all or nothing" trial tactic by withdrawing the lesser included offense instructions. Grier, 171 Wn.2d at 43. The court held that the fact that the "all or nothing" strategy ultimately proved unsuccessful is immaterial to counsel's performance because "hindsight has no place in an ineffective assistance analysis." Grier, 171 Wn.2d at 43.

Unlike in Grier, Easton's counsel was not pursuing an "all or nothing" strategy at trial. Easton did not deny entering Sharma's apartment, which is largely inconsistent with an "all or nothing" defense. Defense counsel's main argument was that Easton lacked the intent to commit a crime against Sharma or her property when he entered

through her window. While residential burglary requires the jury to find that the defendant entered the building with the intent to commit a crime, criminal trespass does not require proof of criminal intent. By including the criminal trespass instruction, and by arguing that Easton lacked the intent to commit a crime, defense counsel was not intending to pursue an "all or nothing" defense.

Defense counsel's failure to include the lesser included defense instruction was an error. Unlike Grier, Easton's counsel did request and receive a lesser included instruction, but erred by not including WPIC 4.11 in its proposed jury instructions.

Defense counsel also erred by not objecting when the trial court instructed the jury based on an incomplete version of WPIC 4.11. The comment to WPIC 4.11 unambiguously provides that the second paragraph is required: "The instruction's final paragraph is required by State v. Stationak, 73 Wn.2d 647, 440 P.2d 457 (1968)." 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.11 cmt. at 100 (4th ed. 2016). Failing to object to the incomplete instruction, despite the express language in the pattern instruction comments, fell below an objective standard of reasonableness.

We next address whether defense counsel's conduct was prejudicial. The jury's inquiry demonstrates how counsel's deficient performance prejudiced Easton. The jury expressed confusion about what type of crime Easton could have intended to commit when entering the apartment. The jury did not have the crucial second paragraph of WPIC 4.11 which explains what to do when there is reasonable doubt:

> When a crime has been proved against a person, and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime.

-6-

WPIC 4.11. If the jury had the proper instruction, and the jury had reasonable doubt as to intent, it is at least possible that the jury would have opted for the lower offense of criminal trespass.

Easton conceded that he entered Sharma's apartment. The United States Supreme Court has recognized that "where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction." Keeble v. United States, 412 U.S. 205, 212-13, 93 S. Ct. 1993, 36 L. Ed. 2d 844 (1973). The State contends that Easton's reliance on Keeble is misplaced because this same language was questioned by the Grier court. The State's argument again misconstrues the crux of Easton's argument. The Grier court specified that "Keeble addressed lesser included offenses in the context of the defendant's request for a lesser included instruction, not a decision by defendant to forgo such an instruction." Grier, 171 Wn.2d at 40. Despite the State's characterization, Easton's case is not one where counsel failed to request a lesser included instruction, but is one where counsel did request an instruction. Therefore, Keeble is applicable to Easton's case. Without the proper guidance, the jury was likely to convict Easton of the greater offense, especially when he conceded entry to the apartment.

Because Easton's counsel's error prejudiced Easton, he has demonstrated that his counsel was ineffective.

Reversed and remanded for a new trial.[1]

_____ Mann, C.J.

WE CONCUR:

_____        _____

---

[1] Easton argued in the alternative that the incomplete lesser included offense instruction constituted a constitutional manifest error that requires reversal of his conviction.  Because we reverse on the ineffective assistance of counsel claim, we do not address this argument.